IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

REX HOPPER,

   Petitioner,

      v.

UNITED STATES OF AMERICA,

   Respondent.

Case No. 22-cv-1959-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner Rex Hopper ("Petitioner" or "Hopper") Motion to Reconsider this Court's denial of his Section 2255 motion in a screening order. (Doc. 4).

The Federal Rules of Civil Procedure[1] do not expressly contemplate motions to "reconsider." However, the Seventh Circuit has held district courts should automatically consider motions challenging the merits of a district court order under Rule 59(e) or Rule 60(b). *See Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992). A motion for reconsideration serves the limited function of allowing a court to correct manifest errors of law or fact or to present newly-discovered evidence. *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). "Relief pursuant to a motion to reconsider is an 'extraordinary remed[y] reserved for the exceptional case.' " *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

---

[1] Because habeas corpus proceedings are civil and not criminal proceedings, *Fisher v. Baker*, 203 U.S. 174, 181, 27 S.Ct. 135, 51 L.Ed. 142 (1906), the Federal Rules of Civil Procedure apply "to the extent that the practice in those proceedings is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases; and has previously conformed to the practice in civil actions[,]" Fed.R.Civ.P. 81(a)(4); *see also* Rule 12, Rules Governing § 2255 Cases in the United States District Courts.

Federal Rule of Civil Procedure 59(e) permits a court to amend a judgment or order if the movant demonstrates a manifest error of law or fact or presents newly discovered evidence that was not previously available. A manifest error of law is the "disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). To succeed on a Rule 59(e) motion, the movant must "clearly establish one of the aforementioned grounds for relief." *Harrington*, 433 F.3d at 546.

However, a Rule 59 motion may not be employed to simply rehash previously rejected arguments. *See Musch v. Domtar Industries, Inc.*, 587 F.3d 857, 861 (7th Cir. 2009); *see also Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 368 (7th Cir. 2003); *Caisee Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996)). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted). Furthermore, "a Rule 59(e) motion is not an opportunity to relitigate motions or present arguments, issues, or facts that could and should have been presented earlier."

In the motion to reconsider, Hopper requests that this Court reconsider the denial of his Section 2255 motion. He requests that the Court "forgive his previously filed, inartful articulation of his legal issues" and this Court give liberal construction to his pleadings. (Doc. 4). In this Court's screening order (Doc. 2), the Court found that while Petitioner indicated that the disparity between ice and mixed substance was "not objected to by trial counsel," the Court ultimately determined that was not enough to allege a claim for ineffective assistance of counsel. In Hopper's motion for reconsideration, he expounds on claims related to ineffective assistance of counsel under the

standard under *Strickland*. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Because Hopper spoke of his counsel's failures to object to the sentence based on "ice" methamphetamine instead of mixed-substance, this Court did not adequately apply a liberal construction of his initial pleading, especially where the Court was evaluating Hopper's Section 2255 on a screening order. Hopper's motion indicates certain failures of counsel, which this Court should have liberally construed as a claim based on ineffective assistance of counsel.

For the foregoing reasons, the Court **GRANTS** Hopper's motion for reconsideration of the November 2, 2022 Order dismissing Hopper's petition for habeas corpus relief under § 2255 (Doc. 4). It accordingly vacates that Order and re-opens this action for consideration of the merits of the § 2255 motion. The Court therefore **ORDERS** the Government to respond within 30 days, by January 11, 2023. Hopper will have 14 days from the service of the Government's response to reply. This preliminary order to respond does not preclude the Government from raising any objection or defense it may wish to present. Service upon the U.S. Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS SO ORDERED.**
**Dated: December 12, 2022**

/s/ J. Phil Gilbert
J. PHIL GILBERT
DISTRICT JUDGE