UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REX HOPPER,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | Case No. 22-cr-1959-JPG |

**MEMORANDUM AND ORDER**

　　This matter comes before the Court on Petitioner Rex Hopper ("Hopper" or "Petitioner") Motion for Appointment of Counsel and for a scheduling order for an evidentiary hearing. (Doc. 6).

　　The Court may appoint counsel for an indigent habeas petitioner, and the appointment of counsel is governed by 18 U.S.C. § 3006A. The statute does not create a right to counsel; rather, it gives the court broad discretion to appoint counsel for a petitioner seeking habeas relief. Appointment of counsel for a habeas petitioner is governed by standards similar to those followed in other civil cases. *See Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983); *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). When presented with a request to appoint counsel in a civil case, the court must make the following inquiries: "(1) has the indigent [petitioner] made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the [petitioner] appear competent to litigate it himself?" *Santiago v. Walls*, 599 F.3d 749, 760-61 (7th Cir. 2010), citing Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007).

Hopper does not provide copies of any correspondence, the names of attorneys or law firms he contacted, the dates of any contacts, or a summary of the services he requested, and responses he received. In the meantime, Hopper has demonstrated his ability to competently litigate this matter. His pleading is readily understandable and literate. At this stage with the information provided, and without a response from the Government on file, this Court is not clear as to whether the issues are overly complex. Therefore, the Court will deny Hopper request for appointment of counsel at this time.

Next, Hopper requests counsel to set this matter for an evidentiary hearing. An evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Files, records, the Government's answer, and potentially Hopper's reply is not on file yet. Therefore, Hopper's request is premature.

For these reasons, and with the information provided, Hopper's Motion for Recruitment of Counsel is **DENIED** without prejudice (Doc. 6).

**IT IS SO ORDERED.**
**DATED: January 17, 2023**

                                              /s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **UNITED STATES DISTRICT JUDGE**